IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COREY MERRITT, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] CV-08-BE-1689-S |
| | ] |
| NICHOLS CONCRETE EQUIPMENT COMPANY, | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's "Petition for Attorney's Fees, Expenses, and Costs on Behalf of Plaintiff, Corey Merritt" (doc. 38). On August 12, 2010, after the court submitted this cause to the jury, the jury returned a verdict in favor of Plaintiff Corey Merritt on his Hostile Work Environment and Pay Discrimination claims (doc. 36). In accordance with the jury's verdict, the court ordered judgment in favor of Plaintiff Corey Merritt and against Defendant Nichols Concrete Equipment Company. Plaintiff filed this petition for attorneys fees and costs, requesting total expenses of $126,129.87. For the reasons stated in this Memorandum Opinion, the court will GRANT IN PART and DENY IN PART Plaintiff's petition.

Defendant Nichols Concrete Equipment Company filed its two-page "Objections to Plaintiff's 'Petition for Attorney's Fees, Expenses, and Costs on Behalf of Plaintiff, Corey Merritt'" (doc. 39). Defendant contests the following: 1) the witness fee amount paid to Johnny Dixon of $133.00 because he did not appear for trial; 2) two witness fees paid to Brad Tracey; 3) 66.5 hours of paralegal time because "only 3.5 of the paralegal time appears to be of work of the

Case 2:08-cv-01689-KOB   Document 41   Filed 01/05/11   Page 2 of 3

type attorneys would perform"; 4) Jon Goldfarb's hourly rate of $375 an hour, because "$300 an hour would be a more appropriate hourly rate"; 5) a list of dated entries "as being an unreasonable amount of time, duplicative time, or cryptic time entries"; and 6) the lodestar amount, which Defendant submits should be reduced to reflect the results obtained at trial on Plaintiff's back pay claims, for which he sought $14,165.88 but was apportioned "only $3,000.00" for back pay out of a total award of $98,000.00 for mental anguish, punitive damages, and back pay.

The court finds the majority of Defendant's objections without merit and without adequate support for its contentions. Defendant cites <u>no</u> case law and provides <u>no</u> affidavits to prove that the lodestar amount is due to be reduced or that Attorney Goldfarb's hourly rate of $375 is, in fact, unreasonable or inappropriate as compared to the average local rate of similar attorneys in the same field. To the contrary, Plaintiff's fee petition is amply supported by case citations and affidavits establishing the reasonableness of the hourly rate. The court has considered the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and finds the fees sought in this case to be reasonable in view of those factors and the evidence presented by Plaintiff.

Defendant also offers no explanation to the court why only 3.5 hours of the paralegal time invoiced "appears to be of work of the type attorneys would perform." Upon review, the court does not find this contention readily apparent on the face of the invoice submitted.

Further, Defendant fails to elaborate as to why the contested time entries are "unreasonable," "duplicative," or "cryptic." The court has reviewed each entry and finds no obvious merit to these claims except several facially duplicative entries on August 12, 2010,

where Jon Goldfarb, Daniel Arciniegas, and Leslie Elliot each request compensation for what appear to be identical entries for waiting on the jury for its verdict. Accordingly, the court, in its discretion, will adjust the total award of attorneys fees by subtracting two of the duplicative entries—namely, the August 12, 2010 entries for Daniel Arciniegas and Leslie Elliot, which total $1,225.00. In addition, the court will subtract the $133.00 witness fee to Johnny Dixon and the $81.66 witness fee to Brady Tracy, per Defendant's objection.[1]

Therefore, using its discretion to reduce the total amount requested by the amounts identified above, the court will award Plaintiff attorneys fees in the total adjusted amount of $124,690.21. The court will enter a separate order contemporaneously to that effect.

DONE and ORDERED this 5th day of January, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's response to Defendant's objections indicates that "Plaintiff and Defendant have already agreed to reduce Plaintiff's fee request by this amount." (Doc. 40.)